IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:22-CR-98-TAV-JEM |
| TRAVIS BURGINS, | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Travis Burgins' Motion to Continue Trial and All Other Deadlines [Doc. 26], filed on January 23, 2023.

In his motion, Defendant Burgins asks the Court to continue the April 25, 2023 trial date and all associated deadlines set forth in the Court's December 6, 2022 scheduling order. The motion relates that defense counsel was appointed to represent Defendant on January 4, 2023, following the withdrawal of Defendant's prior counsel based on a confidential conflict of interest. Defense counsel seeks additional time to review discovery—which consists of police reports and records, audio/video recordings, lab reports, a search warrant, pen register documents, social media records, and telephone records collected as part of a two-defendant drug-conspiracy case—investigate the facts of this case, and consult with Defendant, who is currently incarcerated, to determine whether any pretrial motions should be filed. Counsel states that, based on the amount of investigation, potential pretrial litigation, and trial preparation that must still be completed, he will not be ready for trial by the April 25, 2023 trial date. Counsel submits that the ends of justice served by granting a continuance outweigh the best interest of the public and Defendant in a speedy trial and that a failure to grant the continuance

would likely cause a miscarriage of justice or deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. Counsel relates that he has spoken with both Defendant Burgins, who understands that the requested trial continuance would result in a later trial date and affect the computation of time for purposes of the Speedy Trial Act, and Assistant United States Attorney Russ Swafford, who does not object to the requested continuance.[1]

Based upon the information provided by Defendant in his motion and the fact that the Government does not opposes the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that not granting a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Counsel was only recently appointed to represent Defendant and needs additional time to review the discovery involved in this case, investigate matters, and confer with his client about whether any pretrial motions need to be filed—a task made more difficult by Defendant's pretrial incarceration—all of which cannot be done by the April 25, 2023 trial date.

The Court therefore **GRANTS** Defendant's Motion to Continue Trial and All Other Deadlines [**Doc. 26**]. The trial of this case is reset to **June 27, 2023**. A new, comprehensive, trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on January 23, 2023, and the new trial date of June 27, 2023, is fully excludable time

---

[1] Defendant's motion did not state the position of Codefendant Olain Jones, so the Court ordered Defendant Jones to file a response to the motion to continue [Doc. 27]. Defendant Jones filed a Notice of No Objection to Burgin's Request for a Continuance and Extension of the Deadlines [Doc. 28]. He states he is suffering from serious medical issues and the requested continuance would allow him to continue his current treatment [*Id.*]. A few days later, the Government filed a Plea Agreement as to Defendant Jones [*See* Docs. 29, 30].

under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), -(h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Travis Burgin's Motion to Continue Trial and All Other Deadlines [**Doc. 26**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **June 27, 2023, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) All time between the filing of the motion on **January 23, 2023**, and the new trial date of **June 27, 2023**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The new deadline for filing pretrial motions is extended to **March 14, 2023**. Responses to motions are due on or before **March 28, 2023**. **Any necessary hearing on pretrial motions** will be set at a later date;

(5) The deadline for filing a plea agreement in the record and providing reciprocal discovery is **May 26, 2023**;

(6) The deadline for filing motions *in limine* is **June 12, 2023**;

(7) The parties are to appear before the undersigned for a final pretrial conference on **June 13, 2023, at 10:00 a.m.**; and

(8) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **June 16, 2023**.

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge